UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-02110-JCM-GWF<br><br>ORDER |

Presently before the court is defendant Independence II Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 14). Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") filed a response (ECF No. 19), to which the HOA replied (ECF No. 29).

Also before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion to certify a question of law to the Nevada Supreme Court. (ECF No. 25). JPMorgan filed a response (ECF No. 32), to which SFR replied (ECF No. 35).

**I.    Facts**

This case involves a dispute over property located at 9233 Nerone Avenue, Las Vegas, Nevada 89148 (the "property") that was subject to a homeowners' association superpriority lien for delinquent assessment fees.

On September 7, 2012, SFR purchased the property at a foreclosure sale for $4,400.00, and a trustee's deed in favor of SFR was recorded on September 11, 2012. (ECF No. 1).

On September 7, 2016, JPMorgan filed the underlying complaint against SFR and the HOA, alleging three causes of action: (1) declaratory relief; (2) quiet title; and (3) unjust enrichment. (ECF No. 1).

In the instant motions, the HOA moves to dismiss JPMorgan's claims against it as time-barred, for failure to mediate pursuant to NRS 38.310, and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 14); SFR moves to certify a question of law (ECF No. 25). The court will address each in turn.

**II.   Legal Standards**

    **A.   Motion to Dismiss**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."

*Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**B.**     **Certify Question of Law to the Nevada Supreme Court**

The Nevada Rules of Appellate Procedure provide that the Supreme Court of Nevada has the power to answer "questions of [state] law . . . which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of [Nevada]."  Nev. R. App. P. 5(a).

The Nevada Supreme Court "may answer questions of law certified [] by a federal court when (1) [the] answers to the certified questions may be determinative of part of the federal case, (2) there is no clearly controlling Nevada precedent, and (3) the answers to the certified questions will help settle important questions of law.  *See, e.g.*, *Hartford Fire Ins. Co. v. Tr. of Const. Indus.*, 208 P.3d 884, 888 (Nev. 2009).

Where the question does not impact the merits of a claim pending before the certifying court, the question should not be certified to the Supreme Court.  *See* Nev. R. App. P. 5(a) (requiring that certified question be "determinative"); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.2d 1161, 1164 (Nev. 2006) (declining to answer certified questions where "answers to the questions posed [] would not 'be determinative' of any part of the case").  "The certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts."  *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003).

Federal courts have discretion to certify questions of state law. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "Resort to certification is not mandatory where state law is unclear on a particular issue." *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1225 (D. Nev. 2008) (citing *Lehman Bros.*, 416 U.S. at 390–91). Generally, "[w]hen a decision turns on applicable state law and the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993).

Further, a federal court may decline to certify a question where controlling precedent is available for guidance. *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1041 (9th Cir. 2014); *see also Kehoe v. Aurora Loan Servs., LLC*, No. 3:10-cv-256-RCJ-RAM; 2010 WL 4286331, at *11 (D. Nev. Oct. 20, 2010) (declining to certify question to Nevada Supreme Court where statutory language was sufficiently clear for the court to apply).

Finally, a party must show "particularly compelling reasons" for certification when that party first requests it after losing on an issue. *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984) ("Ordinarily such a movant should not be allowed a second chance at victory when, as here, the district court employed a reasonable interpretation of state law.").

**III.  Discussion**

 **A.     Motion to Dismiss**

The HOA argues dismissal is proper based on statute of limitations, NRS 38.310, and Rule 12(b)(6). (ECF No. 14). The court will address each in turn.

The HOA contends that JPMorgan's quiet title/declaratory relief claims are time-barred by a three-year statute of limitations applicable to claims based on liability created by statute as set forth in NRS 11.190(3). (ECF No. 14). The court disagrees.

Quiet title claims are subject to a five-year statute of limitations pursuant to NRS 11.070. *See* Nev. Rev. Stat. § 11.070. The foreclosure sale occurred on September 11, 2012, and the complaint was timely filed within five years thereafter on September 7, 2016. Thus, the HOA's motion to dismiss will be denied as to this issue.

Next, the HOA argues that JPMorgan's quiet title/declaratory relief claims must be

dismissed for failure to mediate pursuant to NRS 38.310.  (ECF No. 14).  Again, the court disagrees.

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).  In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit.  *Id*. at 557.  The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310.  *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association.  *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Here, JPMorgan seeks to quiet title regarding its rights to the property.  (ECF No. 1).  Thus, JPMorgan's quiet title/declaratory relief claims are exempt from the mediation requirement of NRS 38.310.  Accordingly, the HOA's motion to dismiss will be denied as to this issue.

Last, the HOA contends dismissal of JPMorgan's unjust enrichment claim is proper as the complaint fails to allege any benefit retained by the HOA.  The court agrees.

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *see also Asphalt Prods. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995). To state an unjust enrichment claim, a plaintiff must plead and prove three elements:

> (1) a benefit conferred on the defendant by the plaintiff;
> (2) appreciation by the defendant of such benefit; and (3) an acceptance and retention by the defendant of such

> (3) benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014) (citing *Unionamerica Mortg. & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)). However, where there is an express contract, an unjust enrichment claim is unavailable. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,* 942 P.2d 182, 187 (Nev. 1997) (finding that the existence of an expressed, written agreement bars an unjust enrichment claim because there can be no implied agreement).

Here, the complaint fails to allege any of the three required elements to establish an unjust enrichment as to the HOA. Rather, the allegations set forth in the complaint focus on SFR's unjust enrichment. In particular, the complaint alleges that SFR was unjustly enriched to the detriment of JPMorgan and that JPMorgan is entitled to recoup the benefits obtained by SFR. (ECF No. 1 at 7). Thus, JPMorgan has failed to sufficiently state an unjust enrichment claim against the HOA.

Accordingly, the court will grant the HOA's motion to dismiss as to JPMorgan's unjust enrichment claim without prejudice.

### B.     Motion to Certify

SFR and the HOA requests that the court certify the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?" (ECF No. 25).

The court declines to certify this question as controlling precedent is available for guidance. The Ninth Circuit, in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016)—which SFR cites to in its motion—expressly answered this exact question in the negative. More specifically, the Ninth Circuit held, in relevant part, as follows:

> Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien. . . . According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request.
> . . . .

> If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless. We reject Bourne Valley's argument.

*Bourne Valley Court Trust*, 832 F.3d at 1159.

Accordingly, the court will deny SFR's motion to certify this question to the Nevada Supreme Court.

## IV. Conclusion

Based on the aforementioned, the court will grant the HOA's motion to dismiss without prejudice as to JPMorgan's unjust enrichment claim, but deny the motion as to the quiet title/declaratory relief claims; the court will deny SFR's motion to certify.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that the parties' stipulation for extension of time (ECF No. 24) be, and the same hereby is, GRANTED *nunc pro tunc*.

IT IS FURTHER ORDERED that SFR's motion to certify (ECF No. 25) be, and the same hereby is, DENIED.

DATED THIS 28th day of February, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE