UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., <br><br> Plaintiff(s), <br><br> v. <br><br> SFR INVESTMENTS POOL 1 LLC, et al., <br><br> Defendant(s). | Case No. 2:16-CV-2110 JCM (VCF) <br><br> ORDER |

Presently before the court is plaintiff JPMorgan Chase Bank, N.A.'s ("JPM") motion for summary judgment. (ECF No. 48). Defendant/counter-claimant SFR Investments Pool 1, LLC ("SFR") (ECF No. 53) and defendant Independence II Homeowners Association (the "HOA") (ECF No. 60) filed responses, to which JPM replied (ECF Nos. 58, 62).

Also before the court is the HOA's motion for summary judgment. (ECF No. 50). JPM (ECF No. 52) and SFR (ECF No. 56) filed responses.

Also before the court is SFR's motion for summary judgment. (ECF No. 51). JPM filed a response (ECF No. 54), to which SFR replied (ECF No. 59).

Also before the court is SFR's motion for partial summary judgment. (ECF No. 49). JPM filed a response (ECF No. 55), to which SFR replied (ECF No. 57).

Also before the court is the HOA's motion to extend time to file a response to JPM's motion for summary judgment. (ECF No. 61).

**I.  Facts**

This case involves a dispute over property located at 9233 Nerone Avenue, Las Vegas, Nevada 89148 (the "property") that was subject to a homeowners' association superpriority lien for delinquent assessment fees. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

On January 26, 2005, a grant, bargain, and sale deed evidencing the conveyance of the property to Hilario Soto ("Soto") was recorded. (ECF No. 1). On that same day, a deed of trust securing a loan was recorded. *Id.* The deed of trust listed Soto as the borrower, Countrywide Home Loans, Inc. as the lender, CTC Real Estate Services as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. *Id.*

On July 15, 2011, an assignment was recorded assigning the beneficial interest in the deed of trust from MERS to JPM. (ECF No. 1).

On December 8, 2011, Nevada Association Services, Inc. (the "HOA agent"), on behalf of the HOA, recorded a notice of delinquent assessment lien on the property. (ECF No. 1). On January 30, 2012, the HOA agent, on behalf of the HOA, recorded a notice of default and election to sell on the property. *Id.* On August 6, 2012, the HOA agent, on behalf of the HOA, recorded a notice of trustee's sale on the property. *Id.*

On September 7, 2012, the HOA agent conducted a foreclosure sale of the property on behalf of the HOA. (ECF No. 1). SFR purchased the property at the foreclosure sale for $4,400.00, and a foreclosure deed in favor of SFR was recorded on September 11, 2012. *Id.*

On September 7, 2016, JPM filed the underlying complaint against SFR and the HOA, alleging three causes of action: (1) declaratory relief; (2) quiet title; and (3) unjust enrichment. (ECF No. 1). On February 28, 2017, the court dismissed JPM's unjust enrichment claim. (ECF No. 41).

On October 28, 2016, SFR filed a counter/crossclaim for quiet title and injunctive relief. (ECF No. 16).

In the instant motions, JPM, the HOA, and SFR all move for summary judgment in their favor. (ECF Nos. 48, 50, 51). The court will address each as it sees fit.

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is

**James C. Mahan
U.S. District Judge**

"to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

   *A. Motions for Summary Judgment (ECF Nos. 48, 50, 51)*

As an initial matter, claim (2) of SFR's counter/crossclaim (ECF No. 16) will be dismissed without prejudice as the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

In SFR's motion, it contends that summary judgment in its favor is proper because, *inter alia*, the foreclosure sale extinguished JPM's deed of trust pursuant to NRS 116.3116 and *SFR Investments*. (ECF No. 51). SFR further contends that the foreclosure sale should not be set aside because JPM has not shown fraud, unfairness, or oppression as outlined in *Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016) ("*Shadow Wood*"). (ECF No. 51).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for claimant to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

Subsection (1) of NRS 116.31166 provides that the recitals in a deed made pursuant to NRS 116.31164 of the following are conclusive proof of the matters recited:

> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale[.]

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[1] "The 'conclusive' recitals concern default, notice, and publication of the [notice of sale], all statutory prerequisites to a valid HOA lien foreclosure sale as stated in NRS 116.31162 through NRS 116.31164, the sections that immediately precede and give context to NRS 116.31166." *Shadow Wood*, 366 P.3d at 1110.

Based on *Shadow Wood*, the recitals therein are conclusive evidence that the foreclosure lien statutes were complied with—*i.e.*, that the foreclosure sale was proper. *See id.*; *see also Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *2 (Nev. App. Apr. 17, 2017) ("And because the recitals were conclusive evidence, the district court did not err in finding that no genuine issues of material fact remained regarding whether the foreclosure sale was proper and granting summary judgment in favor of SFR."). Therefore, pursuant to *SFR Investments*, NRS 116.3116, and the recorded trustee's deed upon sale in favor of SFR, the foreclosure sale was proper and extinguished the first deed of trust.

Notwithstanding, and despite SFR's contentions, the court retains the equitable authority to consider quiet title actions when a HOA's foreclosure deed contains statutorily conclusive recitals. *See Shadow Wood Homeowners Assoc.*, 366 P.3d at 1112 ("When sitting in equity . . . courts must consider the entirety of the circumstances that bear upon the equities. This includes considering the status and actions of all parties involved, including whether an innocent party may

---

[1] The statute further provides as follows:

> 2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.
>
> 3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

be harmed by granting the desired relief."). Accordingly, to withstand summary judgment in SFR's favor, JPM must raise colorable equitable challenges to the foreclosure sale or set forth evidence demonstrating fraud, unfairness, or oppression.

In its motion for summary judgment, JPM sets forth the following relevant arguments: (1) the foreclosure sale was commercially unreasonable; (2) the foreclosure was void *ab initio* because the NRS 116.3116 statute was facially unconstitutional pursuant to *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("*Bourne Valley*") and thus actual notice is immaterial; and (3) SFR is not a bona fide purchaser. (ECF Nos. 48, 54).

While the court will analyze JPM's equitable challenges regarding its quiet title, the court notes that the failure to utilize legal remedies makes granting equitable remedies unlikely. *See Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982) (declining to allow equitable relief because an adequate remedy existed at law). Simply ignoring legal remedies does not open the door to equitable relief.

**1. Commercial Reasonability**

JPM contends that summary judgment in its favor is appropriate because the sale of the property for 3.9% of its fair market value is grossly inadequate as a matter of law. (ECF No. 54). JPM further argues that the *Shadow Wood* court adopted the restatement approach, quoting the opinion as holding that "generally a court is warranted in invalidating a sale where the price is less than 20 percent of fair market value." (ECF No. 54 at 12) (emphasis omitted).

JPM overlooks the reality of the foreclosure process. The amount of the lien—not the fair market value of the property—is what typically sets the sales price. Further, JPM fails to set forth sufficient evidence to show fraud, unfairness, or oppression so as to justify the setting aside of the foreclosure sale.

NRS 116.3116 codifies the Uniform Common Interest Ownership Act ("UCIOA") in Nevada. *See* Nev. Rev. Stat. § 116.001 ("This chapter may be cited as the Uniform Common-Interest Ownership Act"); *see also SFR Investments*, 334 P.3d at 410. Numerous courts have

interpreted the UCIOA and NRS 116.3116 as imposing a commercial reasonableness standard on foreclosure of association liens.[2]

In *Shadow Wood*, the Nevada Supreme Court held that an HOA's foreclosure sale may be set aside under a court's equitable powers notwithstanding any recitals on the foreclosure deed where there is a "grossly inadequate" sales price and "fraud, unfairness, or oppression." 366 P.3d at 1110; *see also Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 184 F. Supp. 3d 853, 857–58 (D. Nev. 2016). In other words, "demonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression." *Id*. at 1112; *see also Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982) ("Mere inadequacy of price is not sufficient to justify setting aside a foreclosure sale, absent a showing of fraud, unfairness or oppression." (citing *Golden v. Tomiyasu*, 387 P.2d 989, 995 (Nev. 1963) (stating that, while a power-of-sale foreclosure may not be set aside for mere inadequacy of price, it may be if the price is grossly inadequate and there is "in addition proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price" (internal quotation omitted)))).

Despite JPM's assertion to the contrary, the *Shadow Wood* court did not adopt the restatement. In fact, nothing in *Shadow Wood* suggests that the Nevada Supreme Court's adopted, or had the intention to adopt, the restatement. *Compare Shadow Wood*, 366 P.3d at 1112–13 (citing the restatement as secondary authority to warrant use of the 20% threshold test for grossly inadequate sales price), *with St. James Village, Inc. v. Cunningham*, 210 P.3d 190, 213 (Nev. 2009) (explicitly adopting § 4.8 of the Restatement in specific circumstances); *Foster v. Costco*

---

[2] *See, e.g.*, *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 962 F. Supp. 2d 1222, 1229 (D. Nev. 2013) ("[T]he sale for $10,000 of a Property that was worth $176,000 in 2004, and which was probably worth somewhat more than half as much when sold at the foreclosure sale, raises serious doubts as to commercial reasonableness."); *SFR Investments*, 334 P.3d at 418 n.6 (noting bank's argument that purchase at association foreclosure sale was not commercially reasonable); *Thunder Props., Inc. v. Wood*, No. 3:14-cv-00068-RCJ-WGC, 2014 WL 6608836, at *2 (D. Nev. Nov. 19, 2014) (concluding that purchase price of "less than 2% of the amounts of the deed of trust" established commercial unreasonableness "almost conclusively"); *Rainbow Bend Homeowners Ass'n v. Wilder*, No. 3:13-cv-00007-RCJ-VPC, 2014 WL 132439, at *2 (D. Nev. Jan. 10, 2014) (deciding case on other grounds but noting that "the purchase of a residential property free and clear of all encumbrances for the price of delinquent HOA dues would raise grave doubts as to the commercial reasonableness of the sale under Nevada law"); *Will v. Mill Condo. Owners' Ass'n*, 848 A.2d 336, 340 (Vt. 2004) (discussing commercial reasonableness standard and concluding that "the UCIOA does provide for this additional layer of protection").

*Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012) ("[W]e adopt the rule set forth in the Restatement (Third) of Torts: Physical and Emotional Harm section 51."); *Cucinotta v. Deloitte & Touche, LLP*, 302 P.3d 1099, 1102 (Nev. 2013) (affirmatively adopting the Restatement (Second) of Torts section 592A). Because Nevada courts have not adopted the relevant section(s) of the restatement at issue here, the *Long* test, which requires a showing of fraud, unfairness, or oppression in addition to a grossly inadequate sale price to set aside a foreclosure sale, controls. *See* 639 P.2d at 530.

Nevada has not clearly defined what constitutes "unfairness" in determining commercial reasonableness. The few Nevada cases that have discussed commercial reasonableness state, "every aspect of the disposition, including the method, manner, time, place, and terms, must be commercially reasonable." *Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 920 (Nev. 1977). This includes "quality of the publicity, the price obtained at the auction, [and] the number of bidders in attendance." *Dennison v. Allen Grp. Leasing Corp.*, 871 P.2d 288, 291 (Nev. 1994) (citing *Savage Constr. v. Challenge–Cook*, 714 P.2d 573, 574 (Nev. 1986)).

Nevertheless, JPM fails to set forth sufficient evidence to show fraud, unfairness, or oppression so as to justify the setting aside of the foreclosure sale. JPM relies on the mortgage protection clause contained within the CC&Rs as its only evidence of unfairness. (ECF No. 54). JPM contends that the HOA's CC&Rs expressly acknowledged that the HOA's lien was subordinate to the deed of trust. (ECF No. 54). Further, JPM argues misrepresentations contained in the CC&Rs resulted in chilled bidding at the foreclosure sale. *Id.*

This exact argument was addressed and rejected by the court in *SFR Investments Pool 1, LLC v. U.S. Bank N.A.*, 130 Nev. Adv. Op. 75, 334 P.3d 408, 418-18 (2014). Language in the CC&Rs has no impact on the superpriority lien rights granted by NRS 116. *Id.*

NRS 116.1104 provides that "[e]xcept as expressly provided in this chapter, its provisions may not be varied by agreement, and rights conferred by it may not be waived." Nev. Rev. Stat. § 116.1104; *see also Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:14-CV-1875-JCM-GWF, 2017 WL 1100955, at \*9 (D. Nev. Mar. 22, 2017) (discussing the reasoning in *ZYZZX2*); *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 200 F. Supp. 3d 1141,

1168 (D. Nev. 2016) (holding that an HOA's failure to comply with its CC&Rs does not set aside a foreclosure sale, due to NRS 116.1104).

Accordingly, JPM's commercial reasonability argument fails as a matter of law as it failed to set forth evidence of fraud, unfairness, or oppression. *See, e.g.*, *Nationstar Mortg., LLC*, No. 70653, 2017 WL 1423938, at *3 n.2 ("Sale price alone, however, is never enough to demonstrate that the sale was commercially unreasonable; rather, the party challenging the sale must also make a showing of fraud, unfairness, or oppression that brought about the low sale price.").

### 2. Due Process

JPM argues that the HOA lien statute is facially unconstitutional because it does not mandate notice to deed of trust beneficiaries. (ECF No. 48). JPM further contends that any factual issues concerning actual notice are irrelevant pursuant to *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"). (ECF No. 48).

JPM has failed to show that *Bourne Valley* is applicable to its case. Despite JPM's erroneous interpretation to the contrary, *Bourne Valley* did not hold that the entire foreclosure statute was facially unconstitutional. At issue in *Bourne Valley* was the constitutionality of the "opt-in" provision of NRS Chapter 116, not the statute in its entirety. Specifically, the Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. As identified in *Bourne Valley*, NRS 116.31163(2)'s "opt-in" provision unconstitutionally shifted the notice burden to holders of the property interest at risk—not NRS Chapter 116 in general. *See id.* at 1158.

The holding in *Bourne Valley* provides little support for JPM as JPM's contentions are not predicated on an unconstitutional shift of the notice burden, which required it to "opt in" to receive notice. JPM does not argue that it lacked notice, actual or otherwise, of the event that affected the deed of trust (*i.e.*, the foreclosure sale), in fact, JPM acknowledges receipt of actual notice. (ECF No. 51, Ex. A-7). Rather, JPM merely complains about the content of the recorded notices. (*See, e.g.*, ECF No. 1 at 4).

Furthermore, JPM confuses constitutionally mandated notice with the notices required to conduct a valid foreclosure sale. Due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, it requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950); *see also Bourne Valley*, 832 F.3d at 1158.

"[T]he Due Process Clause protects only against deprivation of existing interests in life, liberty, or property." *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010); *see also, e.g.*, *Spears v. Spears*, 596 P.2d 210, 212 (Nev. 1979) ("The rule is well established that one who is not prejudiced by the operation of a statute cannot question its validity."). To establish a procedural due process claim, a claimant must show "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist*., 149 F.3d 971, 982 (9th Cir. 1998).

Here, JPM has satisfied the first element as a deed of trust is a property interest under Nevada law. *See* Nev. Rev. Stat. § 107.020 *et seq*.; *see also Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983) (stating that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale"). However, JPM fails to satisfy the second prong.

Adequate notice was given to the interested parties prior to extinguishing a property right. In fact, JPM acknowledges having received both the notice of default and the notice of sale. (ECF No. 51, Ex. A-7). As a result, the notice of trustee's sale was sufficient notice to cure any constitutional defect inherent in NRS 116.31163(2), as it put JPM on notice that its interest was subject to pendency of action and offered all of the required information.

Accordingly, JPM challenge based on due process and *Bourne Valley* fails as a matter of law, and JPM's motion for summary judgment will be denied as it relates to these grounds.

### 3. Bona Fide Purchaser Status

Because the court concludes that JPM failed to properly raise any equitable challenges to the foreclosure sale, the court need not address JPM's argument that SFR was not a bona fide purchaser for value. *See, e.g.*, *Nationstar Mortg., LLC*, No. 70653, 2017 WL 1423938, at *3 n.3.

***B. Partial Motion for Summary Judgment (ECF No. 49).***

In the instant motion, SFR moves for an order that "post-*Bourne Valley* [*Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016)], under the Return Doctrine, NRS Chapter 116's 'notice scheme' 'returns' to its 1991 version." (ECF No. 49).[3]

In essence, SFR requests that this court issue an advisory opinion, which Article III prohibits. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998). Specifically, the United States Supreme Court has held, in relevant part, as follows:

> [T]he Article III prohibition against advisory opinions reflects the complementary constitutional considerations expressed by the justiciability doctrine: Federal judicial power is limited to those disputes which confine federal courts to a rule consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.

*Flast v. Cohen*, 392 U.S. 83, 97 (1968).

Accordingly, the court will deny SFR's motion for partial summary judgment. (ECF No. 49).

**IV. Conclusion**

Based on the foregoing, SFR has sufficiently shown that it is entitled to summary judgment (ECF No. 51) on its quiet title and declaratory relief claims against JPM. Pursuant to *SFR Investments*, NRS Chapter 116, and the trustee's deed upon sale, the foreclosure sale extinguished the deed of trust. JPM has failed to raise any genuine issues to preclude summary judgment in SFR's favor. Therefore, the court will grant SFR's motion for summary judgment (ECF No. 51). In turn, the court will also grant the HOA's motion for summary judgment, as the court finds the foreclosure sale was conducted in accordance with Nevada law. (ECF No. 50).

Further, JPM has failed to set forth a sufficient equitable challenge to the foreclosure sale. Therefore, JPM's motion for summary judgment (ECF No. 48) on its quiet title and declaratory relief claims against SFR will be denied.

. . .

---

[3] The "return doctrine" provides that an unconstitutional statute is no law and the previous constitutional version of the law is revived when it is struck down. *See, e.g.*, *We the People Nev. ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that JPM's motion for summary judgment (ECF No. 48) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 51) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 50) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the SFR's motion for partial summary judgment (ECF No. 49) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the HOA's motion to extend time to file a response to JPM's motion for summary judgment (ECF No. 61) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED February 26, 2018.

_____
UNITED STATES DISTRICT JUDGE